# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DONALD D. MILLER REVOCABLE FAMILY TRUST, trustee Donald D. Miller, on behalf of itself, and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-0199-JH |
| | ) | |
| DCP OPERATING COMPANY, LP; and DCP MIDSTREAM, LP, | ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>DECLARATION OF MICHAEL BURRAGE</u>

I, Michael Burrage of Whitten Burrage ("WB") declare under penalty of perjury, as follows:

1.    I am a partner at WB. I submit this declaration in support of Class Counsel's Motion for Final Approval ("Approval Motion"), Class Counsel's Motion for Approval of Attorneys' Fees ("Fee Motion"), Class Counsel's Motion for Approval of Reimbursement of Litigation Expenses ("Expense Motion"), and Class Representative's Motion for Approval of Case Contribution Award ("Contribution Motion"), which are filed contemporaneously herewith. Unless otherwise stated herein, the statements made herein are made based upon my personal knowledge and information available to me to the best of my recollection, and while I do not believe there are any errors, omissions, incomplete or incorrect statements, to the extent any occur, they are wholly accidental and unintentional.

2.    I have litigated class actions and complex commercial and tort litigation in the federal and state courts of Oklahoma and other courts around the country.

3.     WB is court-appointed Liaison Local Counsel for Plaintiff and the Settlement Class. I personally rendered legal services in this Litigation. As Liaison Local Counsel for Plaintiff, I contributed to this Litigation and performed work on behalf of and for the benefit of the Settlement Class. Specifically, I was involved in many aspects of the Litigation on behalf of Plaintiff while the matter was pending. A summary of Class Counsel's work in this matter is set forth in the Declaration of Bradley E. Beckworth filed on Behalf of Nix Patterson, LLP ("NP Declaration"), filed contemporaneously herewith.

4.     I am personally experienced and qualified to offer evidence regarding what I believe are reasonable attorney rates in Oklahoma multi-state class actions. Among other things, my qualifications are as follows: I have been practicing law for approximately forty-three (43) years in Oklahoma state and federal courts. I am a member of the American College of Trial Lawyers. I sat as a United States District Court Judge for approximately seven (7) years, serving as the Chief Judge in the Eastern District of Oklahoma for approximately five (5) years. During the time I was a United States District Judge, I served on the Tenth Circuit Court of Appeals by designation. I also served as local counsel for plaintiff in the matter of *CompSource Oklahoma v. BNY Mellon* in the United States District Court for the Eastern District of Oklahoma. I also served as lead counsel for the State of Oklahoma in its action against the opioid manufacturers. Through this experience, I have become experienced and familiar with the market rates for attorneys operating on various fee structures including contingent fees where expense are advanced and hourly fees where expenses are not advanced.

5.     The information in this declaration regarding WB's time is based upon a review of WB records maintained by WB in the ordinary course of business. I am the partner who oversaw

2

and/or conducted the day-to-day activities in the Litigation. This declaration was prepared by me, with the assistance of staff members at WB, and reviewed in detailed by me before signing.

6.      As discussed in the NP Declaration, as well as the Declaration of Donald D. Miller, Trustee of the Donald D. Miller Revocable Family Trust (the "Trust"), we were retained by the Trust to prosecute this case on a fully contingent basis. The Trust negotiated, and we agreed, to prosecute this case on a fully contingent basis with a fee arrangement of 40% of any recovery obtained for the Trust and/or the putative class. Based upon my experience, knowledge, education, research, and professional qualifications, I believe that the 40% contingent fee we agreed to with the Trust is the market rate for this case and is fair and reasonable.

7.      Further, in the present case, Defendants and Class Representative have contractually agreed that all fee determinations shall be governed by federal common law. Federal common law, in the Tenth Circuit, clearly states that use of the percentage of the recovery is the preferred method. Thus, the contractually agreed 40% contingent fee amount is the amount under which Class Representative and Class Counsel always worked and that is the amount by which the reasonableness of the fee request should be considered.

8.      I have been provided with access to material information supporting the fee request that is the subject of this declaration and have reviewed such materials. As a result of this review, reductions were made in the exercise of "billing judgment." As a result of the review and adjustments made, I believe the amount of time set forth below is reasonable in amount and was necessary for the effective and efficient prosecution and resolution of the Litigation.

9.      The total number of hours expended by WB in this Litigation, from investigation through the date of this declaration, is 23.3 hours. The total lodestar for WB for this time period is $20,387.50 in connection with this Litigation.

3

10.     In my judgment, the number of hours I expended and the services I performed were reasonable and expended for the benefit of the Settlement Class in this Litigation. I believe this total number of hours is a conservative and understated amount because, among other things, all of our attorneys work extensively on many matters in a collaborative context where it is not possible to record every hour worked and/or not possible to reduce any given hour to only one case. Therefore, I believe my firm worked many more hours on this case than the hours listed above.

11.     Additionally, WB has performed a reasonable and good faith estimate of its anticipated hours and services that it will devote to this Litigation through the Final Fairness Hearing, currently scheduled for June 23, 2021. The total number of hours WB anticipates devoting to this Litigation during this time period is 3 hours. The total estimated lodestar for WB for this time period is $2,625.00 consisting entirely of attorney time.

12.     WB lodestar figures are based on its billing rates, which do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in the billing rates. Expenses incurred to date by WB are $361.14.

13.     Because WB is a relatively small law firm, WB was necessarily precluded from working on other cases and pursuing otherwise available opportunities due to its dedication of time and effort to the prosecution of this Litigation against Defendant. This case was filed in 2018, and has required the devotion of time, manpower, and resources from WB over that period. Further, WB has spent time and effort in negotiating and preparing the necessary paperwork related to the Settlement with Defendants. Moreover, numerous time limitations have been imposed on WB throughout the course of this Litigation. The schedules of the court, experts, and client were accommodated on a regular basis by WB.

4

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated:   May 24, 2021.

_____
Michael Burrage
WHITTEN BURRAGE

5